UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKEFELLER PHOTOS, LLC, | Case No. 1:26-cv-01263-JLT-EPG |
| Plaintiff, | |
| v. | ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT |
| COALINGA FOODS, INC., | |
| Defendant. | |
| | (ECF Nos. 6, 7) |

**I.      INTRODUCTION**

Plaintiff Rockefeller Photos, LLC filed this action on February 12, 2026, alleging that Defendant Coalinga Foods, Inc.—the owner and operator of a supermarket—committed copyright infringement by displaying Plaintiff's photograph of food in an advertisement without having obtained a license. (ECF No. 1).

Plaintiff has since sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against Defendant. (ECF Nos. 6, 7). However, because, as explained below, the entry of default was improper, the Court will set it aside.

**II.      ANALYSIS**

Rule 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, *and that failure is shown by affidavit or otherwise*, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

1

Further, Rule 55(c) permits a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

On April 10, 2026, Plaintiff filed "Plaintiff's motion for clerk's default." (ECF No. 6, p. 1) (capitalization omitted). This motion stated that Defendant had been served but had not timely responded to the complaint and requested that the Clerk of Court enter a default.  The same day, the Clerk of Court entered the default. (ECF No. 7).

However, no affidavit or other similar document was attached to the motion to support the request for an entry of default.

As the plain language of Rule 55(a) requires, and as other courts have noted, a request for entry of default "must . . . contain an affidavit or declaration that the summons and complaint have been properly served." *Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-CV-01681-GPC-NLS, 2018 WL 6303728, at *1 (S.D. Cal. Dec. 3, 2018) (noting that, "[b]ecause Plaintiff's request for clerk's default was not submitted with the requisite affidavit (*See* ECF No. 62, at 22–26), neither the Court, nor the Clerk's office, would have been able to enter default"); *see Georgescu v. Wells Fargo Home Mortg.*, No. 2:10-CV-01744-RLH, 2011 WL 1113945, at *4 (D. Nev. Mar. 23, 2011) (setting aside entry of default, in part, because "Plaintiffs' Motion for Entry of Clerks Default did not contain an affidavit of service in accordance with Rule 55(a)").

Accordingly, because Plaintiff's motion for clerk's default failed to contain a supporting "affidavit or otherwise" as required by Rule 55(a), the Court concludes that there is good cause to set aside the entry of default.

### III.   ORDER

For the reasons given above, IT IS ORDERED as follows:

1. The clerk's entry of default under Federal Rule of Civil Procedure 55(a) is set aside. (ECF No. 7).

\\\
\\\
\\\
\\\
\\\

2. This order is issued without prejudice to Plaintiff filing a future request for a clerk's entry of default that fully complies with Rule 55(a).

IT IS SO ORDERED.

Dated:   **April 16, 2026**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE